## Densmore *versus* Haggerty.

59      189
27 SC   365

A vendor by articles dated in July sold land, possession to be given in March, he to give " a good and sufficient title unencumbered." Taxes were levied on the land in the name of the vendor after the articles and before the time of giving possession and were paid by him afterwards. *Held*, that he could not recover the taxes from the vendee.

October 21st 1868.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1868, No. 120.

This was an amicable action and case stated to August Term 1867, in which Hugh T. Haggerty was plaintiff and Amos Densmore defendant.    The case showed the following facts :—

On the 14th day of July 1864 Haggerty by articles agreed to sell to Densmore two lots of land :

" And first party agrees to give second party possession on last day of March next.    First party agrees to give second party a good and sufficient title, unencumbered.    Second party for and in consideration of the above agreement, agrees to pay to party of first part $10,000, in manner following, $50 at the signing of this agreement, $1000 on the 1st day of October next, and the balance on the last day of March next."

The following taxes were levied in the name of the plaintiff upon the real estate sold by the articles, viz.: November 14th 1864, a township bounty tax amounting to $179.40 ; January 9th 1865, a county bounty tax and county tax amounting to $91.15, and a township tax amounting to $10, all of which were paid by the plaintiff, December 4th 1865.    The question submitted to the court below was whether the defendant was liable for or any of said taxes ; if so, judgment to be entered for the plaintiff for the amount with interest from December 4th 1865 ; if otherwise, judgment to be entered for the defendant.    The court (Johnson, P. J.) entered judgment for the plaintiff for $326.61—the whole amount of taxes with interest.    This on writ of error by the defendant was assigned for error.

*B. Grant*, for plaintiff in error.

*J. H. Walker*, for defendant in error, cited 2 Story Eq. Jur., § 17, 789, 790, 1212 ; Sugden on Vendors 171, 174, 176, 183, 186 ; Longwell *v.* Bentley, 11 Harris 102 ; Ives *v.* Cress, 5 Barr 122 ; Morgan *v.* Scott, 2 Casey 52 ; Siter, James & Co.'s Appeal, Id. 178 ; Richler *v.* Selin, 8 S. & R. 440 ; Kerr *v.* Day, 2 Harris 114 ; Ogden *v.* Brown, 9 Casey 249 ; Robb *v.* Mann, 1 Jones 304 ; Pritts *v.* Ritchey, 5 Casey 77 ; Paine *v.* Mellor, 6 Ves. 349 ; Henry *v.* Horstick, 9 Watts 414 ; Caldwell *v.* Moore, 1 Jones 60.

[Densmore *v.* Haggerty.]

The opinion of the court was delivered, October 26th 1868, by READ, J.—On the 14th July 1864 plaintiff below sold all his real estate in Washington township, Erie county, upon the following terms:—To give defendant possession on the last day of March next. To give a good and sufficient title unencumbered—and defendant, in consideration of the above agreement, agreed to pay to plaintiff $10,000, in manner following: $50 at the signing of the agreement, $1000 on the 1st day of October next, and the balance on the last day of March next.

On the 14th November 1864 there was levied a township bounty tax upon the said real estate in the name of the plaintiff, amounting to $179.40.

On the 9th January 1865 there was levied upon said real estate in the name of the plaintiff, a county and a county bounty tax of $90.15, and a township tax of $10, all of which the plaintiff paid December 4th 1865, and now seeks to recover the same from the defendant.

The plaintiff was liable for the taxes, and they could have been recovered from him by due course of law. He was the legal owner of the estate when they were levied, and he was the equitable or real owner during the same period, receiving the rents and profits up to the last day of March 1865, when he was to give a good and sufficient title and deliver possession. The title was to be unencumbered, and this could only be done by his paying these liens, which he finally did. He has therefore no claim, either legal, equitable or moral, upon this defendant for the liens so paid by him.

The court below were therefore in error, and the judgment must be reversed and judgment entered in favor of the defendant on the case stated.