## Moore, Appellant, v. Taylor.

| | |
|---|---|
| 147 | 481 |
| 160 | 126 |
| 147 | 481 |
| 169 | 309 |
| 147 | 481 |
| 191 | 463 |
| 191 | 471 |
| 147 | 481 |
| 21 SC | 74 |
| 147 | 481 |
| 26 SC | [1]256 |
| 147 | 481 |
| 28 SC | [3]424 |
| 147 | 481 |
| d214 | [2]140 |
| 29 SC | [2] 42 |

*Taxation—Exemption of church buildings—Act of May* 14, 1874.

When a church building ceases to be used as " an actual place of religious worship," its exemption from taxation ipso facto ceases, and the property forthwith becomes subject to taxation as fully as though it had never been exempted.

*Board of revision of taxes—Power to add property to taxable list.*

Where a church property returned by the assessors as exempt for a particular year, later in the year ceases to be used for religious worship, the board of revision of taxes under their general powers have a right to add the property to the receiver's list, charged with a just proportion of taxes, corresponding to the unexpired fraction of the current year.

*Appeal from illegal taxation.*

The only remedy of taxpayers who feel themselves aggrieved by the action of the board of revision of taxes, is by appeal. If no appeal is taken, the decision becomes final and conclusive, not only as to the owners, but also as to those claiming under them by subsequent conveyance.

Argued Jan. 18, 1892. Appeal, No. 126, July T., 1891, by plaintiff, Clarence B. Moore, from decree of C. P. No. 3, Phila. Co., Sept. T., 1890, No. 105, dismissing bill in equity against John Taylor, receiver of taxes. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity to prevent the levying and collection of taxes.

The bill averred that the Church of the Messiah, a Universalist Church, became seized in 1854 of premises 1317 and 1319 Locust street, Philadelphia. That a church was erected on said property and services held therein until April 23, 1890, when the structure was abandoned as a church.

That for the year 1890 the property was not returned for taxation by the assessors, it being occupied as a church, and was thereby exempt under the act of May 14, 1874, sec. 1. That on May 2, 1890, without authority of law or return by the assessors of the district, the board of revision of taxes added said property as taxable at a valuation, for 1890, of $33,000, returned the same to the receiver of taxes with instructions to collect the said tax, and sent to the trustees of the church the following letter:

"PHILADELPHIA, May 2, 1890.

"GENTLEMEN :—

"The property N. E. cor. Juniper and Locust streets, Eighth Ward, has this day been added as taxable, at a valuation, for 1890, of $33,000. The bill can be procured in the Department of the Register of Taxes.

"Very Respectfully,

"W. H. LOUGHLIN, Clerk."

That on said day the receiver of taxes added said property to his list, and rendered a bill to the said church for taxes for the year 1890, against property 1317 and 1319 Locust street, 75 feet by 100 feet, valuation $33,000, city tax, $610.50. That on June 5, 1890, said church conveyed said property with the church edifice thereon to plaintiff. That by said assessment plaintiff's property would be liable to levy and sale, and he would be subject to great and irremediable loss.

The bill prayed :—(1) An injunction restraining defendants from levying and collecting said tax upon said property; (2) a decree that said property was not liable to a tax for the year 1890; (3) general relief.

The answer admitted in the main averments of the bill, but denied that the property was not returned for the year 1890, or in prior years by the assessors. That it was returned along with all other property in that district, but as it was occupied as a church the assessors marked it on the books " exempt." The return of the assessors fixed a valuation on the said property for each year. Being marked " exempt " it was not placed on the books of the receiver of taxes when these books were made up for 1890.

The case having been heard on bill and answer, the court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*C. Berkeley Taylor*, for appellant, cited, Shaw v. Quinn, 12 S. & R. 299; King v. Association, 106 Pa. 165; St. Clair Board's Ap., 74 Pa. 252.

*Charles F. Warwick*, city solicitor, for appellees, cited Mullen v. Commissioners of Erie County, 85 Pa. 288.

OPINION BY MR. JUSTICE STERRETT, March 7, 1892.

Art. IX, § 1, of the constitution, declares, " All taxes shall

be uniform upon the same class of subjects, . . . . but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship," etc.   Pursuant to this authority, the act of May 14, 1874, exempts from taxation " All churches, meeting-houses and other regular places of stated worship," with the necessary grounds thereto annexed.   The fact that a building has been erected, or is in course of erection, for the purpose of religious worship, does not, without more, bring the property within the exemption.   It must be a regular place of stated worship, or, in the language of the organic law, " an actual place of religious worship :"   Mullen v. Commissioners of Erie County, 85 Pa. 288.   As was said in that case, it is clear, " from both the constitution and the law," that " it is the use, not the building, which defines the exemption."   It follows, therefore, that on April 23, 1890, when the " Church of the Messiah " ceased to be used as a place of religious worship, its exemption from taxation, ipso facto, ceased, and the property forthwith became subject to taxation as fully as though it had never been exempted.   This appears to have been conceded by the trustees of the church.

For the year 1890, as it had been before, the property was listed, valued and returned by the proper assessors, but they noted it as " exempt," because at the time it was assessed and returned it was in actual use as a regular place of stated worship.   For the same reason the tax was not then extended and placed on the list of taxes to be collected by the receiver; but, when the board of revision was advised that the use which entitled the property to exemption had ceased, it was considered subject to taxation, and added to the receiver's list, charged with a just proportion of taxes, corresponding to the unexpired fraction of the current year.   On May 2, 1890, the trustees of the church were duly notified that their property had been listed " as taxable, at a valuation of $33,000."

If the trustees considered themselves aggrieved by the official action of the board, their only remedy was by appeal from its decision ; but no complaint was made, no appeal was taken, and the decision became final and conclusive, not only as to the owners, but also as to those claiming under them by subsequent conveyance.   The duty of taxing-officers is quasi ju-

dicial; and it is well settled that, when the general power to assess exists, the remedy for illegal taxation is by appeal; if none be given, neither the common pleas nor this court can reverse the judgment of the taxing officers. On the other hand, if a specific remedy is provided, it must be pursued: Hughes v. Kline, 30 Pa. 227; Clinton School District's Ap., 56 Pa. 315; Stewart v. Maple, 70 Pa. 222; Van Nort's Ap., 121 Pa. 118.

It is contended that the action of the board of revision was illegal. We do not think so. On the contrary, we are of opinion that what was done was within the scope of the general powers delegated to the board. Its duty is to see that every parcel of real estate is assessed, and, when not legally exempt from taxation, charged with its due proportion of the public burdens. The board knew the property had ceased to be exempt in April, 1890; and it was rightly added to the list then in the hands of the receiver.

Another sufficient answer to appellant's contention is, that he has no equity on which to ground the relief prayed for, or any other form of relief. He acquired title to the property after it ceased to be exempt, and after it was charged with taxes imposed by the board of revision, from whose official act, whether right or wrong, no appeal was taken. More than that, in accordance with the custom, which, by common consent, has acquired the force of law in this city and county, he took title subject to the payment of taxes proportionate to the unexpired fraction of the current year. There is no evidence tending to show that his purchase was not within the general rule. What equity therefore has he to acquire and enjoy property, for nearly two thirds of the year, without contributing in the shape of taxes his just share of the public burdens? The effect of relieving him would be to increase the burdens of other taxpayers, contrary to the principle that underlies our system of taxation, viz.: that every one shall contribute his just proportion of the public expenses.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.