# William E. Gheen, James A. Seligman and S. G. Seligman *v.* N. C. Harris, Appellant.

*Deed—Covenants for title—Incumbrances—Taxes—Act of May 28, 1715.*

If taxes are assessed after a vendor sells land by articles of agreement, and are permitted to remain unpaid by the vendee, the incumbrance thus created is not an incumbrance " done or suffered from the grantor," within the meaning of the act of May 28, 1715, 1 Sm. L. 95, defining the words " grant, bargain and sell."

A sold land to B in July, 1890, by articles of agreement, and, at B's request, made a deed of special warranty to C in December, 1891. *Held,* that A was not liable for the taxes of 1891 levied after the sale to B.

, · Argued March 20, 1895.    Appeal, No. 111, Jan. T., 1895, by defendant, from order of C. P. Bradford Co., May T., 1894, No. 595, making absolute a rule for judgment for want of a sufficient affidavit of defense.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.    Reversed.

Assumpsit for alleged breach of covenant in deed against incumbrances.

From the record it appeared that N. C. Harris sold to Samuel Marsh . two tracts of land in Clinton county, and on December 24, 1891, conveyed the premises by deed of special warranty at the request of Marsh to the plaintiffs.    At the time of the execution of said deed there was assessed and unpaid taxes upon the land for the years 1890 and 1891, amounting to $393.40.    On June 13, 1892, the treasurer of Clinton county sold the lands for the payment of said taxes to one Frank T. Quiggle.    The plaintiffs notified the defendant of said sale, and upon his neglecting and refusing to redeem the land the plaintiffs, on Feb. 25, 1894, redeemed the land, paying for that purpose the sum of $491.72, and brought this suit to recover the same from the defendant.

Defendant filed the following affidavit of defense :

" 1. He was not in possession of the land mentioned in the statement of plaintiffs, at the time the taxes mentioned therein were levied, as he verily believes.

" 2. That he sold the land described in said statement to

Samuel Marsh by contract bearing the date July 31, 1890, and that the said plaintiffs purchased the said land of the said Marsh, the date of which purchase the deponent is not informed, but that either the said Marsh or the said plaintiffs owned said land at the time of the levying of said taxes, and had taken possession thereof. That the deed to the plaintiffs was made at the request of the said Marsh, he having sold to said plaintiffs as before stated. That the said deed is a special, and not a general warranty.

" 3. That if any part of the said taxes was an incumbrance upon said land, for which deponent was liable, at the time deponent sold the same to said Marsh, it was the duty of said Marsh or plaintiffs to pay said incumbrance without exposing the said land to sale therefor, and the said plaintiffs cannot charge the expense of sale and redemption to deponent.

" 4. Deponent is informed and believes that from the time of the sale of the said land to said Marsh, he, the said deponent, held the legal title to said land, in trust for the vendee, and is not liable for taxes charged or levied upon said land, or that became due after said contract sale. A copy of said contract is hereto attached and made a part of this answer. Said contract being the one mentioned in the deed described in statement of plaintiffs."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*H. F. Maynard*, for appellant.—When one makes a contract to sell a piece of land, as was done in this case, he ceases to be the owner of the land. In such case the vendor holds the title as trustee of the purchaser. The vendor can only use such title as a means of enforcing the payment of the purchase money : Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107 ; Kronk v. Birmingham Fire Ins. Co., 91 Pa. 300 ; Siter, James & Co.'s App., 26 Pa. 178 ; Longwell v. Bentley, 23 Pa. 102.

The covenants arising upon the words " grant, bargain and sell," in a deed are not inconsistent with, nor restrained by an express covenant of special warranty : Funk v. Voneida, 11 S. & R. 109 ; Shaffer v. Greer, 87 Pa. 375.

*Rodney A. Mercur*, *H. T. Harvey* and *Ulysses Mercur* with him, for appellees.—The words "grant, bargain and sell," by the sixth section of the act of May 28, 1715; 1 Smith, 95; 1 Purdon 582, P. L. 93, "shall be adjudged an express covenant that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrances done or suffered from the grantor, . . . . unless limited by express words contained in the deed." Their meaning, says Chief Justice TILGHMAN, in Lessee of Gratz v. Ewalt, 2 Binney, 95, is not clearly expressed, but I take it to be a covenant that the grantor had done no act, nor created any incumbrance, whereby the estate granted by him might be defeated; that the estate was indefeasible as to any act of the grantor: Dorsey v. Jackman, 1 S. & R. 50; Seitzinger v. Weaver, 1 Rawle, 382; Whitehill v. Gotwalt, 3 P. & W. 313; Knepper v. Kurtz, 58 Pa. 480; Ake v. Mason, 101 Pa. 17; Memmert v. McKeen, 112 Pa. 315.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

This appeal is from the judgment entered against the defendant for want of a sufficient affidavit of defense. The incumbrance, for which it is claimed he is liable under his deed, is alleged to have resulted from the nonpayment of taxes for the years 1890 and 1891, amounting together to three hundred and ninety-three dollars and forty cents. How much of this sum represents each year's taxes is not stated, and we have no means of ascertaining the same. As to so much of the claim as represents taxes for the year 1891, we are of opinion that the facts averred in the affidavit of defense are sufficient to have prevented judgment. If said taxes were assessed after defendant sold the land by articles of agreement to Samuel Marsh in July, 1890, and were permitted to remain unpaid by the vendee, the incumbrance thus created cannot, under a proper construction of the law, be regarded as an incumbrance "done or suffered from the grantor," the defendant.

Judgment reversed and a procedendo awarded.