# Philadelphia *v.* Pennsylvania Company for the Instruction of the Blind, Appellant.

*Appeals—Supreme Court—Superior Court—Error of counsel—Misapprehension of facts.*

On an appeal from the judgment of the Superior Court, the question for the decision of the Supreme Court is whether the judgment of the Superior Court is correct on the record which was before it. If there has been a misapprehension of the facts, through the inadvertent error of counsel in presenting the case, the remedy is to be sought by an application to that court and not by an appeal to the Supreme Court.

*Taxation—Exemption—Charity—Portion of year.*

A defense to a scire facias on a tax lien, which alleges that after the liability for tax became fixed for the year the property was devoted to a use which exempted it from taxation, is not available.

Argued Jan. 10, 1906. Appeal, No. 257, Jan. T., 1905, by defendant, from judgment of Superior Court, Oct. T., 1903, No. 245, reversing judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 368, M. L. D. discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia v. Pennsylvania Institution for the Instruction of the Blind. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court, see 28 Pa. Superior Ct. 421.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*H. Gordon McCouch,* of *Dickson, McCouch & Glasgow,* with him *Henry S. Drinker, Jr.,* for appellant.

*James Alcorn,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, and *Mayne R. Longstreth,* for appellee.

OPINION BY MR. JUSTICE FELL, February 26, 1906:

The appeal to the Superior Court was from an order of the common pleas discharging a rule for judgment for want of a sufficient affidavit of defense in a proceeding by the city on a claim for taxes for the year 1897. It was alleged in the affidavit of defense that the defendant conducted a school for the blind, founded, endowed and maintained by public charity and open to all blind persons in need of instruction ; that in 1896 it purchased for the use of the school the land against which the tax claim was filed, and on July 29, 1897, it began the erection of school buildings which were not completed until the end of the year 1898 ; that all this land is necessary to, and is used exclusively for, the purpose of the school, and that no rent, revenue or income is derived therefrom. It was admitted in the affidavit that the land was liable for an apportioned tax from January 1 to July 29, 1897, but an exemption was claimed for the remainder of the year 1897.

The judgment of the common pleas was reversed by the Superior Court for two reasons : (1) that the decision of the taxing officers was final and conclusive, no appeal having been taken from the assessment; (2) that no valid ground of defense was set up by the affidavit. It is not disputed that the decision of the taxing officers unappealed from was conclusive, but it was claimed that the court misapprehended the facts. The first specification of error is : " The Superior Court erred in its statement of fact in the following passage of the opinion : ' No appeal having been taken from the assessment of the tax in question, the decision of the taxing officers became final.' " It was stated in the argument that an appeal had been taken from the decision of the board of revision of taxes to the court of common pleas No. 4 of Philadelphia, and that an agreement of counsel had been filed in common pleas No. 1, where the action on the lien was brought, that no advantage should be taken by the plaintiff of the fact that an appeal was pending and was

undetermined.   This was not brought to the attention of the Superior Court, and there was nothing in the record showing that an appeal had been taken.   On an appeal from the judgment of that court, the question for our decision is whether the judgment of the court is correct on the record which was before it.   If there had been a misapprehension of the facts, through the inadvertent error of counsel in presenting the case, the remedy is to be sought by an application to that court and not by an appeal to this court.

The judgment of the Superior Court should be sustained for the reason also that a change in the use of property after the tax had become a lien, was not a defense to the action.   The assessment had been completed and the tax for the whole year had become a fixed liability due seven months before the change in the use.   In Moore v. Taylor, 147 Pa. 481, relied on by the appellant, no tax had been assessed because at the time of the assessment the building had been used as a place of public worship and therefore was exempt, but during the year this use had ceased and it was held that the property became at once assessable for the unexpired term of the year.   It does not however follow that if a change in the use of a property during the tax year exempts it from future assessments, it will be relieved from the payment of a tax duly assessed when it was liable.   The general rule is otherwise.   An act of an owner of property that brings it within an exemption provided by law does not relieve from taxes previously levied : 12 Am. & Eng. Ency. of Law (2d ed.), 310.   This rule was applied in Tobin v. Morgan, 70 Pa. 229, in which the question of exemption arose under the Act of March 25, 1864, P. L. 85, exempting the property of soldiers from bounty tax, and it was decided that the act did not relieve from a tax levied before enlistment. The tax was levied in June and the appellant was mustered into military service in October.   It was said in the opinion by SHARSWOOD, J. : " When he was taxed he was subject to the tax, and his subsequent exemption did not relieve him from responsibility."

The judgment is affirmed.