## Mangold, Appellant, *v.* Isabella Furnace Company.

*Vendor and vendee—Payment of taxes—Protection of title.*

Where a vendor of land has instituted a suit against the vendee to recover the purchase money, and pending the suit has paid the taxes which have been levied against him as owner of the title held as security for the payment of the purchase money, such vendor may, after the decision of the suit in his favor, recover the taxes thus paid, and it is immaterial that no demand was made upon the vendee to pay the taxes, and no seizure of the vendor's goods was made by the collector to enforce payment thereof.

Argued April 23, 1906.   Appeal, No. 147, April T., 1906, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1905, No. 325, on case stated in suit of John F. Mangold v. Isabella Furnace Company.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.   Reversed.

Case stated to determine the liability for taxes.

The case stated was as follows :

The parties to this case stated, by their attorneys, agree to the following facts :

That in February, 1901, the Isabella Furnace Company, the defendant, by its duly authorized agent, took an option on plaintiff's lots in the Erdner plan in Etna borough, which option was duly accepted by said company before its expiration, but said company, upon the tender of the deed for said property, refused to accept the deed and pay the purchase money. Whereupon, on May 21, 1902, at No. 419, July Term, 1902, in the court of common pleas No. 2 of Allegheny county, suit in assumpsit was brought by plaintiff against defendant on said contract to recover the purchase money with interest.   In that

suit, the only defense made by defendant was the statute of frauds, defendant claiming that the agreement of sale was not sufficiently evidenced by writing. The lower court held that there was a sufficient writing to satisfy the requirements of the statute and judgment was entered for plaintiff, for the amount claimed, with interest. Upon appeal by defendant to the Supreme Court this was affirmed. Defendant thereupon accepted the deed previously tendered by plaintiff and paid the judgment with interest and costs. After suit had been begun by plaintiff in the lower court, namely, after May, 1902, certain county and borough taxes upon the lots which were the subject of the suit, fell due. Plaintiff, thereupon, to protect the lots and to preserve the title clear and unencumbered, paid them, without, however, any demand having been made of plaintiff for their payment by the county or borough or by defendant, and without any demand having been made of defendant by plaintiff, or any notice having been given to defendant by plaintiff. The amount of these taxes paid by plaintiff on these lots, all of which were taxes falling due after the commencement of suit by plaintiff against defendant, was $32.55. Of this amount, $21.97 was paid before the trial of that suit, and $10.58 was paid after the trial and before decision reached by the Supreme Court on appeal. Plaintiff, when the Supreme Court had affirmed the decision of the lower court, and at the time of delivery of deed to defendant, demanded of the defendant that it reimburse plaintiff for the taxes thus paid by plaintiff while suit was pending, but this defendant refused to do, claiming that plaintiff had paid the taxes voluntarily, without demand having been made therefor by the borough or county, and without being requested by defendant to pay them. Defendant also claimed that this matter was res judicata, by reason of the suit brought by plaintiff against defendant at No. 419, July Term, 1902, and the judgment recovered therein by plaintiff. These taxes all fell due after that suit was brought, and were not claimed or considered in that suit.

The lots, which were the subject of this suit, are and always have been vacant and unproductive of rental, and no income has ever been received from the same of any kind whatsoever. Plaintiff was always willing and ready to have defendant take possession of the property upon payment of the purchase money.

The following question is therefore submitted for the determination of your honorable court:

Whether plaintiff, on the foregoing statement of facts, is entitled to recover any amount in this action.

If the court shall answer the foregoing question in the affirmative, then the court is respectfully requested to enter judgment in favor of the plaintiff for the amount due; if in the negative, then the court is respectfully requested to enter judgment in favor of the defendant.

· The court entered judgment for defendant on the case stated. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on case stated.

*James S. Campbell*, for appellant.—As between plaintiff and defendant, defendant should have paid these taxes: Green v. Harris, 170 Pa. 644.

While as between the parties to this action the plaintiff is entitled to reimbursement from the defendant for these taxes, the plaintiff was, while the suit for the purchase money was pending, clearly liable for the taxes to the borough, county and state as he was the assessed owner of the property, and therefore the payment was not voluntary: Building Assn. v. Webb, 12 Pa. Superior Ct. 545; Hogg v. Longstreth, 97 Pa. 255; King v. Building Assn., 106 Pa. 165; Fidelity Ins. Co. v. B. & L. Assn., 17 Pa. Superior Ct. 270; Iron City Tool Works v. Long, 44 L. I. 28; Henry v. Horstick, 9 Watts, 412.

The plaintiff need not wait until the taxes are increased by the cost of execution and other court costs before paying them, for if he does, he will be unable to recover from the defendant such costs, as he could have prevented them by paying the taxes when due: Owens v. Salter, 38 Pa. 211; Fisher v. Worrall, 5 W. & S. 478; Eberz v. Heisler, 12 Pa. Superior Ct. 388.

This matter was not res judicata.

*David A. Reed*, with him *Reed, Smith, Shaw & Beal,* for appellee.—The payments were voluntary: Hassinger v. Solms, 5 S. & R. 4; Turner v. Patridge, 3 P. & W. 172.

There was no personal liability on the part of Mangold to pay these taxes : Siter's Appeal, 26 Pa. 178 ; Longwell v. Bentley, 23 Pa. 99 ; Ins. Co. v. Wilgus, 88 Pa. 107.

Part of this claim is res judicata : Schwan v. Kelly, 173 Pa. 65 ; Pennock v. Kennedy, 153 Pa. 579 ; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438.

OPINION BY HENDERSON, J., June 30, 1906 :

As between the county and borough and the appellant, the latter was liable for the tax, which is the subject of this action. He was the holder of the legal title and the assessment was a charge against him, personally, for payment of which his goods and chattels were subject to seizure, and in case sufficient goods and chattels were not found he was subject to arrest and imprisonment. The warrant of the tax collector required him to demand and receive from every person named in his duplicate the sum with which such person stood charged and such warrant was effectual to authorize the collection of the taxes assessed against the appellant. The assessment being regular and unappealed from, the tax authorities were not only not bound but had not power to look beyond the assessment roll. The appellant was also interested in the land as security for the payment of the purchase money due him. He was not limited to the individual responsibility of the defendant, but could also hold the title until payment of the purchase money was made. He was directly interested, therefore, in preventing a sale of the land for taxes, an occurrence which would have swept away both the title of the defendant and the plaintiff's security. Such being the situation the appellant paid the taxes. That an obligation for the payment of them rested on the defendant does not seem to be controverted. It acquired an equitable title by articles of agreement and should have paid the taxes assessed after its purchase : Gheen v. Harris, 170 Pa. 644. The defendant having denied the validity of the contract of sale and having refused to be bound thereby, no other course was open to the plaintiff to relieve himself from personal liability and to avoid a sale of his security except to pay the charge against him and the land. It is unquestionably true that an action of assumpsit will not lie for the mere voluntary payment of the debt of another. A

request and promise to pay are not implied by such an act. But this principle applies to intrusive payments. It has no application where one either by compulsion of law or to relieve himself from liability or to save himself from damage pays money which the defendant ought to have paid : 2 Greenleaf's Evidence, sec. 114; Hogg v. Longstreth, 97 Pa. 255; Iron City Tool Works v. Long, 4 Sadler's Pa. Supreme Ct. Cases, 57. The contention of the appellee that this principle does not apply to the case under consideration because no demand was made upon the defendant to pay the taxes and no seizure was made by the collector to enforce payment thereof, is not well founded. A demand upon the defendant would have been a vain act in view of its attitude toward the contract. At the very time the taxes were assessed and afterward it was insisting that it was not the owner of the land and denying all responsibility on account of the contract. Nor can we hold that the payment was voluntary because the plaintiff did not wait until his property or person was threatened by the tax collector. It would be unreasonable to require him to submit to the seizure of his goods or to a personal arrest before he acquired the right to pay the charge and have an action for repayment against the defendant. Such a course would result in annoyance and perhaps humiliation to the plaintiff and the accumulation of costs and expenses, but would not increase his liability or in any way benefit the defendant. It was expressly held in Iron City Tool Works v. Long, above cited, that it was immaterial that no legal proceedings had been commenced to enforce the payment of the taxes and that it was not necessary for the plaintiffs in that case to wait until process was issued against them or their property before they paid the taxes which ought to have been paid by the defendants.

Out of the facts presented in the case stated an implied assumpsit arose in favor of the plaintiff upon which he was entitled to judgment. His right to judgment on part of his claim is denied, however, because $21.97 of the taxes due was paid while the action was pending on the contract between the parties, as to which payment it is said the principle of res judicata applies. The plaintiff's claim in the present case, however, does not arise out of the written agreement, but out of the

implied contract resulting from the payment of the taxes by him. It is an independent cause of action arising upon a new contract which came into existence after the original action was brought. At that time the present claim had no existence. The first action was on the contract in writing for a specific sum in the contract stated. No claim for taxes was then made or could then have been made, and as to the new cause of action we have no doubt that it may be now maintained.

The judgment is therefore reversed and judgment is now entered against the defendant in favor of the plaintiff for the amount of the plaintiff's claim with interest and costs, the amount of the judgment to be liquidated by the prothonotary of the court below.