# Schermer *v.* Wilmart, Appellant.

*Equity—Specific performance—Contract—Receipt—Vendor and vendee—Statute of frauds.*

1. A court of equity will decree specific performance of an agreement set forth in a receipt, if it complies with all the requirements of the statute of frauds.

2. If the receipt shows everything necessary to make a complete and binding contract, the mere fact that it contemplates a more formal document shall be later drawn and executed, will not alone defeat the right to specific performance.

*Vendor and vendee — Contract — Whether agreement includes personalty.*

3. It is not necessary to set forth in an agreement for the sale of real estate, whether or not the vendee is to purchase and pay for personalty which is not part of the realty.

*Vendor and vendee—Liability for internal revenue stamps.*

4. In the absence of an agreement to the contrary, a vendor must pay for the internal revenue stamps required to be affixed to his deed.

*Vendor and vendee—Apportionment of taxes and water rent— Custom of Philadelphia.*

5. In the City of Philadelphia, by custom, the taxes and water rents of the current year are apportioned between vendor and vendee; but for this, the vendor would be obliged to pay them in full, because, by statute, they are due at the beginning of the year.

*Vendor and vendee—Consideration money—Payment of encumbrances.*

6. Where the vendor of real estate agrees to sell it for a given price, he must pay, out of the consideration money, any encumbrance against the property, unless the evidence shows the vendee assumed liability for it.

*Equity—Jurisdiction over subject-matter—Settlement of all disputes.*

7. Where equity has acquired jurisdiction of a subject-matter, it will proceed, in the one action, to round out the entire circle of controversy in regard to it.

Argued November 28, 1924. Appeal, No. 20, Jan. T., 1925, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1923, No. 2369, on bill in equity, in case of David Schermer v. J. M. Wilmart. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before AUDENRIED, P. J. The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Roland R. Foulke,* for appellant.—Specific performance was improperly decreed: O'Connell v. Cease, 267 Pa. 288; Piersol v. Neill, 63 Pa. 420; Cortelyou's App., 102 Pa. 576; Dalzell v. Crawford, 1 Parsons Eq. 37; Pennock v. Freeman, 1 Watts 401; Reilly v. Gautschi,

174 Pa. 80; Zimmerman v. Rhoads, 226 Pa. 174; Wistar's App., 80 Pa. 484; McKee v. Harris, 16 Phila. 149; Gorsuch v. Berman, 270 Pa. 8.

*Charles J. Weiss,* with him *Harry Goodfriend,* for appellee.—All terms essential to a valid agreement for the sale of land were settled upon by the parties to this cause, and set forth in the receipt signed by defendant. That writing identifies the parties to the contract: Flanigan v. Phila., 51 Pa. 491; Shattuck v. Cunningham, 166 Pa. 368; Fitzpatrick v. Engard, 4 Dist. R. 383.

It is unimportant that Mr. Wilmart's receipt fails to specify what estate in his Powelton Avenue property was to be conveyed to Mr. Schermer and that it was to be conveyed clear of encumbrances: Swayne v. Lyon, 67 Pa. 436; Withers v. Baird, 7 Watts 227; Nichol v. Carr, 35 Pa. 381; Hannan v. Carroll, 277 Pa. 32.

Opinion by Mr. Justice Simpson, January 5, 1925:

Defendant appeals from a decree of the court below, awarding specific performance of the contract detailed in the following receipt:

"February 9th, 1923
"Received from D. Schermer the sum of $40. on a/c of the purchase price of property 3711 Powelton Av. the full consideration of selling price of the above property is $8750., a further deposit of $210. to be paid on the 12th day of February 1923.   Possession of the property to be given on or before June 8th, 1923, at which time final settlement is to be made.

"A regular agreement of sale for the selling of the above mentioned property to be made on the day the additional $210. are paid.
                                "J. M. Wilmart".

We decided in Sylvester v. Born, 132 Pa. 467, that we would decree specific performance of an agreement thus evidenced, if all the essential terms are set forth in the

paper; because, in that event, not only is a meeting of the minds shown, but also everything required by the statute of frauds appears in the written evidence of the contract: Briggs v. Logan Iron & Steel Co., 276 Pa. 326. The mere fact that the receipt contemplated a more formal document to be drawn in the future, does not alone defeat the right. On the general subject the rule is well stated in 13 Corpus Juris 290, as follows: "An agreement to make and execute a certain written agreement, the terms of which are mutually understood and agreed on, is in all respects as valid and obligatory as the written contract itself would be if executed. If, therefore, it appears that the minds of the parties have met, that a proposition for a contract has been made by one party and accepted by the other, that the terms of this contract are in all respects definitely understood and agreed on, and that a part of the mutual understanding is that a written contract embodying these terms shall be drawn and executed by the respective parties, this is an obligatory agreement which dates from the making of the oral agreement." To the same effect is Smith v. Kaufman, 30 Pa. Superior Ct. 265, and Park v. Kansas City Southern Ry. Co., 58 Pa. Superior Ct. 419. On the issue of fact regarding the binding effect of the contract in the receipt, the court below found, on ample evidence, that "both parties to the agreement regarded themselves bound by it from the moment that the $40 and the receipt therefor were exchanged."

Accordingly, our single question is: Does the receipt fully set forth all essential provisions? Appellant says it does not, for the following reasons: (1) Because nothing is said as to whether or not the purchaser is to take the perpetual fire insurance policies on the property, if any. The evidence does not disclose any, but, if there are, it is a matter of no moment, since such policies are not part of the real estate. (2) Because the receipt does not provide whether or not fixtures are included in the sale. If there are any,—on which point the evidence is

silent,—and they form part of the real estate, they are, of course, included in the sale; otherwise they are not. (3) Because the receipt does not provide who shall pay for the internal revenue stamps required to be put on the deed. The Act of Congress of November 23, 1921, ch. 136, section 1102, (42 Stat. at L. 302) makes it a criminal offense for any one to sign a deed "without the full amount of the tax thereon being duly paid"; hence, as the statute requires the tax to be paid at or before the signing, and necessarily before the deed is ready for delivery, it was the vendor's duty to pay it, in the absence of an agreement to the contrary. (4) Because the receipt does not specify whether the city taxes and water-rents for the current year are to be apportioned between the vendor and vendee, or to be paid wholly by the former. By statute both are payable as of the beginning of the year, the taxes being, in addition, a lien on the land, as of that date. It necessarily follows that the vendor would be obliged to pay them (Densmore v. Haggerty, 59 Pa. 189: Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 365), but for the custom in this city that, unless it is agreed otherwise, they shall be apportioned: Moore v. Taylor, 147 Pa. 481, 484. (5) Finally, it is claimed the agreement is defective because nothing is said in it as to whether or not the purchaser is to take subject to an existing mortgage of $1,500. This matter, however, is settled by Hannan v. Carroll, 277 Pa. 32, 39, where we said that the vendor, even in the case of a known encumbrance, must pay it unless the evidence shows the vendee assumed liability for it. In the instant case the court below properly found that "both parties understood that the sum of $8,750, was fixed upon the basis of a title clear of incumbrances."

If the circumstances required it, a court of equity would decree specific performance of the last sentence in the agreement, namely "A regular agreement of sale for the selling of the above mentioned property to be made on the day the additional $210 are paid." As this

sum was to be paid within three days after the receipt was signed, it is obvious that to decree, in the first instance, only a specific performance of that clause, would result in extending the time for final settlement far beyond the date specified in the agreement. Appellant knew this when he repudiated his contract, before the three days had expired, and hence he cannot be heard to complain because a court of equity, having acquired jurisdiction of the subject-matter, proceeds, in the one action, to round out the entire circle of controversy (Tide Water Pipe Co. v. Bell, 280 Pa. 104, 110), by decreeing specific performance of the contract exactly as would have been done if the "regular agreement of sale" had been made. By this course appellant gets his purchase price, which is all that a "regular agreement of sale" could have made certain, and circumlocution, delays and unnecessary expenses, each of which chancery abhors, are thereby avoided.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.