Dougherty *v.* City of Philadelphia et al., Appellants.

Argued November 17, 1933.

Before KELLER,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES,
JJ.

*Theodore F. Jenkins,* Solicitor for School District, and with him *Mayne R. Longstreth,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.

*Louis F. McCabe,* for appellee.

OPINION BY PARKER, J., April 16, 1934:

A bill in equity having been filed in the court below after hearing held, a decree was entered declaring premises known as 912-914 South 47th Street in the city of Philadelphia exempt from taxation by the city and county of Philadelphia for the year 1927 and restraining the city, the school district, and the receiver of taxes of the city and county of Philadelphia from the collection of any taxes on such property for that year. The defendants have appealed from the decree so entered.

A parochial school, known as St. Francis de Sales, has been operated on South 47th Street in the city of Philadelphia for a number of years. The buildings

were located on both sides of the street, the principal buildings being situate on the east side and one building on the west side on lot known as No. 912. For some time prior to 1927, these premises were exempted from taxation as a purely public charity. Larger quarters being required on the west side of the street, on March 8, 1926, lot No. 914, adjoining No. 912, was purchased by the plaintiff. The buildings located on lots Nos. 912 and 914 were exact duplicates of each other, but the building on lot No. 914 had never been exempt from taxes nor does the record disclose that it was ever used, prior to its purchase by plaintiff, for any purpose that would entitle it to exemption. Plans for a new building intended to be used as a part of the school were prepared, and on June 30, 1926, the buildings erected on both lots were torn down and the erection of a new building was begun and, on the 29th or 30th of January, 1927, was completed, when it was first actually occupied for purposes connected with the school. These facts are not in dispute. It is also admitted by the taxing authorities that the parochial school was an educational institution and a purely public charity and as such was entitled to exemption from taxation on the premises actually used by it, and particularly that after January 1, 1928, both lots Nos. 912 and 914 were entitled to be and have been exempted from taxation.

Counsel for all parties and the court below treated the question involved as if lots Nos. 912 and 914 were in the same situation and that therefore both lots with the building thereon were, or were not, entitled to exemption. We are of the opinion that the situations are fundamentally different and that the right to exemption must be considered as it affects each. As is admitted, lot No. 914 was purchased in March, 1926, and prior to that time had not been entitled to exemption, and while the construction of the building

was started in that year it was not completed, occupied, or used for school purposes until the last of January, 1927.

Liability to taxation is the rule; exemption is the exception. By Article IX, §1, of the constitution of this Commonwealth, the legislature is authorized to exempt from taxation, inter alia, institutions of purely public charity. "The claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it. The constitution exempts nothing; it merely permits the legislature to exempt, within the lines laid down for its guidance": Phila. v. Barber, 160 Pa. 123, 126, 28 A. 644. The legislature has, by the Act of July 17, 1919, P. L. 1021, as finally amended by the Act of April 30, 1925, P. L. 388, §1 (72 PS 4701), provided for such exemption, subject to this proviso: "Provided, That all property, real or personal, other than that which is in actual use and occupation for the purpose aforesaid, and from which any income or revenue is derived, shall be subject to taxation." To furnish a basis for exemption it is not necessary that there be receipt of income, but there must be "actual use and occupation."

In the city of Philadelphia, taxes are assessed prior to the tax year and are due on the first day of January, the beginning of the tax year. If a property is not exempt at the beginning of the year when the taxes are due, the property is liable for taxes for the whole year, even though at a later date during the same year it is used for purposes that would ordinarily entitle it to exemption: Phila. v. Penna. Co. for Instruction of the Blind, 214 Pa. 138, 140, 63 A. 420. On the other hand, where real estate in the city of Philadelphia is exempt from taxes but ceases "to be occupied and used for the purpose or purposes which entitled it to such exemption," the real estate must

be added to the assessment books and duplicates as taxable for the portion of the year commencing when the right to exemption ceases and is subject to taxation for the proportionate part of the year during which it is not entitled to exemption: Act of April 26, 1893, P. L. 25, §1 (53 PS 4631).

In the case of Mullen v. Commissioners of Erie Co., 85 Pa. 288, the Supreme Court held that a so-called cathedral, or church, was not exempt while in course of construction. It was there said (p. 292): "It is thus clear, from both the constitution and the law, it is the use, not the building, which defines the exemption. But the use which is made of a place is a present fact, not something ideal or in contemplation merely. If religious or public worship have not been held in the place, indeed, statedly held in it, the place itself has not a character. At some day distant or near, it may be intended to be used for stated public worship, but the fact that it is not now used strips it of its only title to exemption. This cathedral, a misnomer, indeed, for it is only an unfinished structure, intended to become a cathedral, has been in the course of construction several years, and when it will be finished and used for religious worship we know not. The great cathedral on Eighteenth Street, in the city of Philadelphia, was many years in progress before it was finished—probably twenty. A building intended for a church may never be finished, or its use may be changed. On what principle, under the new constitution, should the property be exempted from taxation before it can be used, when it is the use only which gives it a title to exemption?"

It is contended, however, that the exempting statute used different language with reference to churches than it used with reference to institutions of learning, referring in the case of churches to "regular places of stated worship." That is true, and these words

were an added reason for the conclusion reached, but the fundamental basis of that decision was that ownership and use must be present to justify an exemption and that the construction of a building intended for a use that would be within the terms of the exempting statute was not yet such use. It will also be noted that in the proviso added to the exempting act "actual use and occupation" are specifically mentioned.

Our conclusion is in harmony with the cases holding that when the use ceases, even though no revenue is derived, a building intended and useful only for a charitable purpose is not exempt. "A hospital building is not a hospital in the true sense of the word. No charity is administered by the mere possession of the building. As a building only, and independently of its uses, it is a mere house, and comes strictly within the taxing laws as such. To entitle it to consideration as a hospital it is essential that it be devoted to the purposes for which hospitals are used. Whenever it is restored to such use it may with propriety be claimed that it has been brought within the operation of the exempting laws. Until then the property is nothing but a house and land, and as such it is subject to taxation, as are other houses and land": Phila. v. Jewish Hospital Assn., 148 Pa. 454, 456, 23. A 1135. Also, see Pocono Pines v. Monroe County, 29 Pa. Superior Ct. 36, 42, and Moore v. Taylor, 147 Pa. 481, 23 A. 768. We are all of the opinion that the premises known as lot No. 914 were not entitled to exemption from taxation for the year 1927.

We are likewise all of the opinion that the portion of the assessed premises corresponding with lot No. 912 was not a proper subject of assessment for taxes for the year 1927. That lot had acquired a character which clearly entitled its owner to exemption from taxation in 1926 and previous years, and while ceasing to use the premises for a purpose entitling it to

exemption would require that it again be placed on the tax rolls, the facts here present do not indicate such a cessation or change of use. The premises had been used for school purposes until some time in June, 1926, the time when schools usually close for a summer vacation; the work of rebuilding was prosecuted with diligence and completed in about seven months when the premises continued to be used for school purposes. Certainly it would not be contended that when a school is closed during the usual vacation period of June, July, and August, there is such a change as would make the property liable for taxes during that period. The same would be true of the usual Christmas vacation which frequently extends beyond the first day of January, the beginning of the tax year in Philadelphia. Again, assume that painting, decorating, or other repairs required the temporary suspension of school. Could it be said that the premises lost their character as a purely public charity? The only reasonable answer would be that it could not be so maintained. In the case of Appeal of Children's Hospital of Phila., 82 Pa. Superior Ct. 196, 198, Judge GAWTHROP propounded this pertinent question: "Would any one contend that if a hospital burned to the ground, that the ground on which a new structure was being built, and the incompleted building itself, would be subject to taxation?" In that case the owner of the hospital in 1920 began the erection of an addition to its hospital building on ground which for many years had been exempted from taxation as a part of the grounds of the hospital. The city contended that the portion of the hospital grounds on which the addition to the hospital was being built was not being used for hospital purposes and relied upon the cases which we have cited in support of the first proposition considered. We there said (p. 199): "We think that there is sufficient devotion to hospital purposes under

the circumstances to give it character as part of the hospital."

It is also to be noted that by the exempting statute the "universities, colleges, academies and institutions of learning themselves, with the grounds thereto annexed are exempted" and not the school buildings as such, and that the grounds need not be contiguous: Barnes Foundation v. Keely, 314 Pa. 112, 171 A. 267. Such being the case, the only difference between the situation here and in the Appeal of Children's Hospital of Phila., supra, is that in one case the new construction was attached to an old building and in the other was not attached. In both cases the new construction, so far as lot No. 912 was concerned, was on land then exempt.

Where real estate has acquired a definite character disclosing a devotion to and a use and occupation for a purpose entitling the owner to exemption, such character is not changed by the doing of things ordinarily essential to its use for the charitable purpose. Repairs, restorations, and enlargements are not indicative of an intention to cease to use the land for the purpose for which it has been previously employed and do not constitute an abandonment or a ceasing to devote the premises to a purpose requiring that it be exempt from taxation. They are but usual and ordinary essentials to such use. We are of the opinion that where a building has acquired a definite character of a nature that entitles it to exemption and it becomes necessary, whether by reason of fire or to increase its facilities, to rebuild the building, and such rebuilding is done with reasonable dispatch, it may not be said that such premises have ceased to have the character which entitles the owner to exemption.

However, the chancellor, from the undisputed evidence, found that premises 912-914 South 47th Street,

with the incompleted building thereon, were assessed for taxation for the year 1927 in the sum of $60,000. In other words, the premises were assessed as one property. In view of the fact that a part of the premises was not exempt from taxation for the year 1927, the bill could not be sustained. In the case of Laymen's Week-End R. L. of Phila. v. Butler, 83 Pa. Superior Ct. 1, 6, we said: "As part of the property is not exempt from taxation it follows that the bill in equity was rightly dismissed." The remedy available to the owner was an appeal from the tax assessment: U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516, 520; Sunday School Union v. Phila., 161 Pa. 307, 29 A. 26; Dupuy v. Johns et al., 261 Pa. 40, 104 A. 565; Dougherty v. Phila., 314 Pa. 298, 171 A. 583. As part of the premises were subject to taxation, it therefore becomes necessary to dismiss the bill.

Judgment of the court below is reversed, and it is directed that the bill be dismissed at the cost of the appellee.