Feed J. Mundee, J.
The claimants, Herman "M. Seldin, Helene Wasserman and Henry Equities, Inc., move for an order directing the County Treasurer to pay over to them the sum of $5,374.81, representing a part of an award for property (known as Damage Parcel A) taken in the instant condemnation proceeding which is presently being withheld pursuant to stipulation subject to the discharge of an existing tax lien. The claimants concede that the sum of $235.79 is their proportionate share of the tax burden and may be deducted from the amount withheld.
The petitioner contends that, with the exception of $655.60, additional interest due on the claimants’ equity in the award, the amount being so withheld should be applied to the unpaid tax, with interest thereon, as a deduction from the total award.
The unpaid tax in question, assessed for the fiscal year 1956/ 1957, became due and payable and a consequent lien on the property on December 1,1956. (Suffolk County Tax Act, § 13, subd. 5; L. 1920, ch. 311.) The date of the vesting of title in the county to the land herein condemned was December 19, 1956, pursuant to the provisions of section 13 of the Suffolk County Improvement Act (L. 1927, ch. 190; L. 1939, ch. 276, as amd.).
The sole issue before this court is whether the claimants are entitled to have the tax apportioned as of the date of the vesting of title, or whether the entire tax should be deducted from the award.
It has been generally held that the lien of a tax, which becomes a lien prior to the vesting of title in the condemnor, follows the interest of the fee owner, shifting from the land to the award, and is payable out of the award. (4 Nichols on Eminent Domain [3d ed.], § 14.248; 'Matter of, City of New York, [Houghton Ave.], 266 N. Y. 26.) There can be no apportionment in the absence of statutory authority to that effect. (4 Nichols on Eminent Domain [3d ed.], § 14.248; Matter of United States v. Certain Parcels of Land, 130 F. 2d 782; sec Berri v. City of *1010 New York, 16 N. Y. S. 2d 86.) The statutes applicable herein, namely the Tax Law, the Suffolk County Tax Act and the Suffolk County Improvement Act, malee no such provision.
I can find no special circumstance in the present, proceeding that would warrant making an exception to the general rule. Motion denied. Settle order.