### St. Joseph's Hospital v.
### Board of Revision of Taxes

*Edward J. Quinn,* for appellant.

*John J. Pettit, Jr.,* Assistant City Solicitor, for City of Philadelphia.

SLOANE, J., May 5, 1971.—This is an appeal to Common Pleas (non-jury) by St. Joseph's Hospital (herein hospital), Sixteenth and Girard Avenue, Philadelphia, from a decision and assessment for real estate taxes of the Board of Revision of Taxes of Philadelphia. The board denied a real estate tax exemption for a parking lot owned by and across from the hospital, 915, 917, 919, 921 and 923 North Sixteenth Street, Philadelphia.

The hospital acquired the five dwellings on September 15, 1966, for a total cost of $26,000; the dwellings were demolished at a cost of $25,000; the lot was paved and made into a parking lot at a cost of $8,000; thus, the total expense to the hospital for the procurement and erection of the parking lot was $59,000. The parking lot was opened in March of 1968 and has been operated as such since.

Both sides agree: (1) The years involved in the appeal are 1967 to 1971; (2) the real estate assessment for the parking lot is $14,000; (3) the total real estate tax due for the stated years is $2,564.52; (4) the parking lot has 22 parking spaces; (5) the income collected for the years in question is as follows:

| | |
|---|---|
| 1968 | $1,299.41 |
| 1969 | 1,169.56 |
| 1970 | 741.60 |
| 1971 | 262.25 |

Because of vandalism of property and danger to persons, a guard is employed at the parking lot at an added expense to the hospital of $90 per week.

The hospital claims an exemption from taxation under the County Assessment Law of 1933, P. L. 853, as amended, 72 PS §5020-204(c). In pertinent part this statute provides:

"The following property shall be exempt from all . . . tax, to wit:

"(c) All hospitals, . . . with the grounds thereto annexed and *necessary for the occupancy and enjoyment* of the same . . ." (Italics supplied.)

Admittedly, the hospital is a charity, with no profit motive and "The right to say what is reasonably necessary for the occupancy and enjoyment of such a charity is primarily for the governing body of the char-

ity": Shadyside Hospital Appeal, 207 Pa. Superior Ct. 261, 264, allocatur refused, 207 Pa. Superior Ct. xlv. And "The word 'necessary' as used in the statute does not mean 'absolute necessity,' but rather a 'reasonable necessity,' 'convenient and useful' to the purpose of the charity": County of Lancaster v. Y. W. C. A. of Lancaster, 92 Pa. Superior Ct. 514, 518 (1928), quoted in Shadyside, supra, at page 264.

The parking lot is reasonably necessary to the beneficent purposes of the hospital. Personnel of the hospital cannot well or safely park on the streets of a neighborhood with high incidents of crime; neither is it safe for visitants. Personnel park free of charge; those who visit their sick pay the small, nominal charge of a quarter. The area is congested and has a high incidence of crime; persons are uneasy about hurt to themselves and damage to their vehicles. The parking lot and the paid guard help ease that tension.

Concededly, the fact that the parking lot is not contiguous to the hospital does not determine the issue: Allegheny General Hospital v. Allegheny County Board of Property Assessment etc., 207 Pa. Superior Ct. 266, 268, allocatur refused, 207 Pa. Superior Ct. xlv, a case which confirms the notion of the exemption from taxation of a parking lot under similar circumstances. See recitation of lower court's findings—p. 272.

The parking lot should not be exempt when it was not such. See Dougherty v. City of Philadelphia, 112 Pa. Superior Ct. 570, allocatur refused. The exemption should not apply for the year 1967 and that part of 1968 before the parking lot began its use. The action and decision of the Board of Revision of Taxes is reversed; the appeal is sustained in accordance with and to the extent indicated in this adjudication. If necessary, an order may be submitted.