ELIZABETH C. HERRING v. AMERICAN INSURANCE COMPANY
OF NEWARK, NEW JERSEY, Appellant.

Insurance: CONTRACT WITHOUT POLICY.    Where a proposal for in-
surance as contained in an application is accepted there is a
contract of insurance, though no policy has issued.

Payment of Premium.    The fact that an assured gives the local
agent credit on his personal account for the premium will not
affect the liability of the company, it appearing that the agent
paid the company in cash.

*Appeal from Howard District Court.*—HON. A. N. HOBSON,
Judge.

MONDAY, APRIL 11, 1904.

SUIT to recover upon an alleged contract of insurance.
There was a trial to a jury, and a verdict and judgment for
the plaintiff. The defendant appeals.—*Affirmed.*

*C. C. Upton* and *A. J. Barker* for appellant.

*John McCook* for appellee.

SHERWIN, J.—The plaintiff made a written application
for fire insurance upon her property, which she claims was
received and accepted by the defendant. No policy was is-
sued her, and about a month after she made the application
her property burned. The controlling question in the case is
whether the proposal for insurance contained in the plaintiff's
application was accepted by the defendant. If it was, there
was a meeting of the minds of the parties, and a valid con-
tract of insurance, which will be enforced, though no policy
issued. *Smith v. The State Insurance Co.,* 64 Iowa, 716;
*The City of Davenport v. The Peoria Marine & Fire Insur-
ance Co.,* 17 Iowa, 276.

Whether the proposal was for $600 or less was a question for the jury to determine, as was also the question of the acceptance of the application by the defendant. Were we permitted to decide the case upon the evidence, we might have some doubt as to both of these propositions. There was substantial evidence sustaining both, however, and, under the well-settled rule, we cannot interfere with the verdict.

The application was made through the defendant's local agent. The testimony tends to prove that it was usual for him to report premiums collected, and remit therefor, at the end of each month, and that he paid to the defendant the agreed premium for this insurance. If this was true, as the jury would have been justified in believing that it was, it matters not that the plaintiff settled the premium with the agent by crediting him with the amount thereof. While it is true, as a general proposition, that an agent may not accept property in lieu of cash for the premium without express authority to do so, it is equally as true that, when he actually pays the premium in cash to the insurer, it ends the matter, so far as the insurer is concerned. There was therefore no error in refusing to strike the evidence relating to the payment of the premium.

Complaint is made of some of the instructions given, and because of the refusal to give those asked by the defendant. The instructions given were correct, and could not well have been misunderstood by the jury, and those asked were fairly covered by the ones given.

We find no error in the record, and the judgment is AFFIRMED.