LOWELL J. CARTER et al., Appellants, v. DOLLY BAIR, Appellee.

**SPECIFIC PERFORMANCE:** Contracts Enforcible—Contract of Sale in Lease. An option reserved in an ordinary lease of real estate for the purchase of the described property by the lessee at a fixed price, and on specified time and methods of payment (among which was an agreement that the rent paid should be credited on the purchase price), is specifically enforcible, even though no provision is embodied therein as to (1) formal possession or (2) title or (3) conveyance, and even though the parties thereto unnecessarily reserved the right generally to enter into additional agreements relative to such option.

STEVENS and FAVILLE, JJ., dissent.

Headnote 1: 36 Cyc. p. 590.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

APRIL 6, 1926.

PLAINTIFFS appeal from a decree denying specific performance.—*Reversed.*

*Victor Shultz,* for appellants.

*A. G. Rippey,* for appellee.

MORLING, J.—The parties made a written contract, whereby defendant leased to plaintiffs the premises in question from May 8, 1923, to May 8, 1924, at the rental of $25 per month, payable monthly. The premises were to be used for residence purposes only. The lease contained the following paragraph:

"24. If the lessees enter into contract, between April 9th, 1924, and May 8th, 1924, with the lessor to purchase the above described real estate on the following terms—to wit—Total price $3,100.00 clear of all incumbrance to date of contract except taxes for last half of year 1923 due and payable in September, 1924; payable $400.00 on the signing of contract and $25.00 per month thereafter, with interest at 7 per cent from May 8th, 1924, payable monthly out of monthly payments; and any further conditions to be mutually agreeable; then the lessor hereby agrees to credit the total rent paid under this lease, namely $300.00 as cash received upon the $400.00 initial payment. The lessor hereby agrees to execute the above proposed contract during the time limits specified above."

Plaintiffs took possession, and paid the rent for the full term. On April 10, 1924, plaintiffs gave notice of election to purchase, tendered defendant $100, and demanded that she execute contract in accordance with the agreement. The question is whether the defendant is under such agreement to enter into contract to convey as to entitle plaintiffs to specific performance.

In considering this question, it must be borne in mind that the paragraph under consideration does not represent an informal, independent, and isolated transaction. It is a part of the larger contract of lease, which unquestionably in its other provisions is complete and enforcible. The larger contract as a whole must be so interpreted as to give effect, if possible, to each and all of its provisions. The contract as a whole and each of its stipulations lend support to every stipulation. This particular paragraph must be presumed to have been considered as a valuable and important element of the contract under which the plaintiffs have paid the $300. This, on exercise of the option, is to be credited, and is now claimed by them to constitute a part of the purchase price paid for the property. Looking at the paragraph in the light of these considerations, we find that it definitely names the parties. The subject-matter is described. The price, times, and method of payment are fixed. Nothing is said about possession; but the purpose of the contract was to put the plaintiffs in the enjoyment of the property, inferentially as a residence, for which they, as tenants, were to

pay $25 per month. On exercising the option, they were to continue to pay the $25 per month, and in addition were to pay the interest, at 7 per cent, and by plain implication were to pay the taxes after the last tax payment that would become delinquent during the original term of the lease. Defendant is to have the interest. This represents the use of the purchase money. Plaintiffs are to pay interest and taxes, and we think this must be for the use of the property, and that they are entitled to continue in the possession. Nothing is said about title, but the law would imply that the defendant should furnish marketable title. Nothing is said about conveyance, but here too the law would imply a covenant to convey when the purchase money is paid. All of the essential elements of a contract are present. We think that, though many of the ordinary provisions of a contract of sale are not provided for in terms, they are such as may, and under the circumstances ought to be, supplied by intendment. *Schermer v. Wilmart*, 282 Pa. St. 55 (127 Atl. 315).

In the light of the circumstances, we think that the clause ''any further conditions to be mutually agreeable'' should not be construed to mean that the parties had not agreed upon all of the terms of a valid agreement of sale, but that they were reserving (though unnecessarily) to themselves the right to agree upon and insert additional terms. The clause provides:

''If the lessees enter into contract * * * to purchase * * * the lessor hereby agrees to execute the above proposed contract * * *''

Considering this in the light of the circumstances referred to, we think that the parties must have intended a presently existing agreement on the terms set forth, if the plaintiffs should accept them and agree to purchase in accordance with the right given. An agreement to enter into a contract the terms of which are agreed upon is as valid and obligatory as the contract itself would be, if executed. *Schermer v. Wilmart*, 282 Pa. St. 55 (127 Atl. 315); *Herring v. American Ins. Co.*, 123 Iowa 533; 1 Page on Contracts, Section 54; 1 Elliott on Contracts, Sections 27, 63. The agreement is one which equity may require to be specifically performed. *Schermer v. Wilmart*, 282 Pa. St. 55 (127 Atl. 315). We think the case is within the prin-

ciple of the authorities cited, rather than *Weitz v. Independent Dist.*, 79 Iowa 423; *Federal L. & Sec. Co. v. Hatch,* 147 Iowa 18; *Lynn v. Richardson,* 151 Iowa 284; *Alexandria Bill. Co. v. Miloslowsky,* 167 Iowa 395; *Marti v. Ludeking,* 193 Iowa 500.

The circumstances are such that, in our opinion, specific performance should be decreed.

The judgment is—*Reversed.*

DE GRAFF, C. J., and EVANS, VERMILION, and ALBERT, JJ., concur.

STEVENS and FAVILLE, JJ., dissent.