E. L. DONOVAN, Appellant, v. M. E. MURPHY et al., Appellees.

SPECIFIC PERFORMANCE: Contracts Enforcible—Fatal Indefiniteness.
A written contract for the sale of real estate is not specifically en-
forcible when it is silent as to (1) the date of final settlement, (2)
when possession is to be given, and (3) what kind of conveyance
shall be executed.

Headnote 1: 36 Cyc. pp. 587, 588, 597.

Headnote 1: 25 R. C. L. 219.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

MARCH 8, 1927.

Action for specific performance of a contract to convey
real estate. The plaintiff appeals from a judgment denying
relief and dismissing the petition at his costs.—*Affirmed.*

*Baldwin & Fairchild,* for appellant.

*Walter M. Davis* and *C. B. Russell,* for appellees.

VERMILION, J.—The action is in equity, to enforce the
specific performance by the defendant Murphy of a written
contract of sale of land. The material portion of the writing
is as follows:

"That the said party of the first part [Murphy] covenants
and agrees to and with the said party of the second part
[Donovan] to sell the following described real estate, to wit:
[describing land] subject to a mortgage of $7,600 with interest
thereon paid to date of transfer.

"In consideration of the foregoing the said party of the
second part agrees to pay for said land $135.00 per A & to
assume $7,600 or pay same if he desires. $1,000 down—bal on
final settlement.

"And both parties do hereby bind themselves and their
executives, heirs and assigns firmly by these presents. Both
parties shall furnish merchantable abstract of title showing
property free from incumbrance and taxes, except as set out

above. All properties shall be in as good condition when possession is given as at the present time, wear and tear excepted."

It is urged that the contract is too indefinite to permit of its enforcement by decree of specific performance. It is a familiar rule that contracts, to be specifically enforced, must be so certain and definite in their terms as to leave nothing to conjecture or to be supplied by the court. *Olive v. Dougherty,* 3 G. Greene 371; *Batie v. Allison,* 77 Iowa 313; *Wolf v. Lodge,* 159 Iowa 162; *Monroe v. Crabtree,* 178 Iowa 546; *Marti v. Ludeking,* 193 Iowa 500. The contract in question is silent as to when final payment is to be made and possession of the premises is to be given, and as to the form of the conveyance to be made.

In *Marti. v. Ludeking,* supra, nothing was said about the form of instrument by which the land was to be conveyed. The time of final payment was stipulated, but no provision was made as to when possession should be given. We said:

"Before the court below could decree specific performance of the contract, it must find this fact from the contract. Without some provision therein fixing the time for consummation of the agreement by the delivery of possession, it was incomplete and indefinite in this respect. * * * Of course, the court might infer that possession was to be given March 1st, when the balance of $9,500 would be paid and a note for $7,200 and a mortgage upon the farm to secure the payment thereof would be executed. Such finding could not, however, be based upon the expressed terms of the oral agreement of the parties."

If, contrary to this holding, an inference could be indulged in here that possession should be given at the time of final payment, the uncertainty would not be removed, for no time of final settlement is stipulated in the contract.

It is suggested that the contract involved in *Marti v. Ludeking,* supra, was an oral contract. There had been, however, a payment of earnest money. We expressly declined to pass upon the question whether an oral contract to convey real estate where a small sum had been paid would be specifically enforced, but said that the contract was manifestly lacking in completeness and certainty, and that for this reason relief was properly denied.

In *Carter v. Bair,* 201 Iowa 788, we enforced specific per-

formance of an accepted option to purchase, contained in a
lease. The time of payment was fixed in the contract, and the
purchaser was already in possession of the premises, under the
lease. The only claim of uncertainty in respect to the convey-
ance in that case was as to the time when it should be made.
We said that the law would imply a covenant to convey when
the purchase money was paid. The holding there is not in con-
flict with *Marti v. Ludeking,* supra.

The doctrine announced in *Marti v. Ludeking,* supra, is
controlling here, and the court properly denied specific per-
formance. It is unnecessary to consider other questions pre-
sented.

The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.