Rubin B. Goodman, Plaintiff, *v.* Henry Caplan, Inc., Defendant.

Supreme Court, Special Term, Kings County, September 25, 1946.

*Rubinton & Coleman* for defendant.

*Nemeroff, Jelline, Danzig & Paley* for plaintiff.

Nova, J. Defendant moves herein for an order dismissing the complaint pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice in that the complaint fails to state facts sufficient to constitute a cause of action. This is an action for specific performance instituted by the plaintiff to compel the defendant, a Chrysler automobile dealer, to deliver to the plaintiff a new Chrysler pursuant to a written order dated January 20, 1943. Plaintiff, on the signing of the order, deposited $100 as a down payment.

Though in a motion under rule 106 a pleading challenged for legal insufficiency must be construed broadly, liberally and every intendment and fair inference resolved in its favor, the present pleading fails to set forth a complete, valid and binding contract. In order to be specifically enforcible, a contract must be complete in its terms or at least in its essential and material terms, parts and elements; it must be capable of being performed without adding to its terms and it must not leave a material and essential term or element for future negotiation and settlement. The court cannot supply an important omission or

complete a defective contract for the purpose of specific performance.

The instant contract is indefinite as to time of performance, model and type of car, price (despite the printed clause of the contract), and color, all essential elements and parts of the contract. The court cannot decree that a specific piece of personalty be turned over to the plaintiff when there is no definite personalty involved in the contract. Section 149 and subdivision 1 of section 156 of the Personal Property Law clearly indicate that the personal property must be specific in nature. Here, no specific car was identified or agreed upon. (See *Cohen* v. *Rosenstock Motors,* 188 Misc. 426.) The court is cognizant of the conditions prevailing in the automobile market but cannot grant the plaintiff his relief because of the contract involved. The remaining question as to whether the court will exercise its discretion and decree specific performance instead of relegating the plaintiff to an action at law is, under the circumstances, academic.

Motion granted.