Specific performance of an alleged contract for the sale and purchase of a Chrysler sedan automobile is sought in the bill filed herein. The contract is alleged to be as follows:
"That on January 4th, 1946, the complainant entered into a written contract or purchase order with the defendant Edward Zubalsky, trading as Edward Motors for the sale and purchase of a 1946 Chrysler sedan, 8 cylinder automobile at a price to be determined at the current OPA limitation. It was agreed and understood between the parties that said automobile *Page 23 
was to be delivered by the defendant to the complainant as soon as he received shipment of said automobile from the manufacturer."
It is further alleged that:
"The complainant is unable to purchase an identical automobile elsewhere or an automobile of similar manufacture and utility at regular established OPA price limitations because of the extreme scarcity in the automobile industry and the inability to receive whatever automobiles are available without the exaction of an illegal bonus or black market fee over and above OPA price regulations."
There is no further allegation whereby jurisdiction may be assumed by this court to decree the relief of specific performance. No damage is alleged by reason of the claimed failure to observe the terms of the alleged contract.
The defendant moved to strike the bill for the following reasons:
"(a) The bill fails to state a cause of action cognizable in equity;
"(b) The bill discloses that an adequate remedy at law is available to the complainant;
"(c) Specific performance cannot be had in equity of a contract for the sale of a chattel as to which a money price has been agreed upon;
"(d) The bill fails to allege that the automobile possesses anypretium affectionis;
"(e) The complainant has agreed that an ascertainable value which can be recovered at law shall be placed upon the automobile and that certain ascertainable values will be taken as sufficient compensation;
"(f) The bill fails to allege an enforceable valid contract, in that it fails to allege an ascertainable means of determining the price at which the automobile is to be sold and purchased;
"(g) The bill fails to allege that the price has been determined or ascertained;
"(h) The bill fails to allege that the defendant has received the specific automobile contracted to be sold to the complainant." *Page 24 
It is well settled that this court will not decree specific performance for the sale or purchase of personal property unless the remedy at law is inadequate based on the characteristic features of the contract or the peculiar nature of the property involved. Where the sale or purchase of personal property is involved, ordinarily the remedy at law is adequate. Kimball v.Morton, 5 N.J. Eq. 26; Hurd v. Groch, 51 Atl. Rep. 278;Curtice Brothers' Co. v. Catts, 72 N.J. Eq. 831;66 Atl. Rep. 935; Spoor-Thompson Machine Co. v. Bennett Film Laboratories,105 N.J. Eq. 108; 147 Atl. Rep. 202.
Only in cases where particular reasons exist is specific performance of personalty decreed. Fike v. Fike, 3 N.J. Mis.R. 465. If the personal property has a special value amounting to a pretium affectionis, and the remedy at law therefor would not be complete and adequate, specific performance may be granted.
In Burr v. Bloomsburg, 101 N.J. Eq. 615; 138 Atl. Rep. 876,
the court said, in effect, that equity will not grant specific performance with respect to a chattel unless that chattel has a special value aside from its intrinsic value, amounting to apretium affectionis. It is the sentiment which cannot be measured in money damages which supplies the reason why equity would afford relief by specific performance.
The complainant mentions no characteristic which adds a special value to the automobile so as to put it in the category of an unique chattel; and he presents no facts which can be considered by this court as elements of value adding to the intrinsic worth of the automobile itself, so as to permit it to be classed as special or unique. While automobiles may be difficult to procure under the economic or industrial conditions of the present day, they are not in the category of unique chattels.
While our courts generally deny specific performance of contracts involving chattels or personalty, there have been instances where specific performance of contracts has been decreed involving personal property other than property which has acquired a pretium affectionis; but it was only in cases where the contract itself was declared to be unusual and where *Page 25 
other equitable considerations were found, which justified the court in granting relief. Among such cases is that of CurticeBrothers' Co. v. Catts, supra, in which the court specifically compelled the performance of an agreement to sell acreages of tomato crops, because a large canning enterprise which had been established would be unable to function without the delivery of the crops; and where it was reasonably anticipated that such would be the result, the court, inter alia, said:
"The aspect of the situation bears no resemblance to that of an ordinary contract for the sale of merchandise in the course of an ordinary business."
So, also, in the case of Atlantic Refining Co. v. Kelly,107 N.J. Eq. 27; 151 Atl. Rep. 600, cited by complainant, where the court specifically found that there were numerous elements which prevented an adequate legal remedy, viz., the difficulty in determining the amount of gasoline, the amount of profit, the likelihood of a multiplicity of suits and uncertainty respecting the pecuniary responsibility of the defendants. Moreover, in that case the agreement was already partially performed. It is a principle of equity that where a contract is partially performed, it will strive to compel completion of the agreement.
The elements appearing in the last two cited cases are not present in the instant case.
The bill alleges that the automobile was to be sold at a price to be determined at the current OPA limitation. Since the complainant asserts that the automobile was to be delivered at the "current OPA limitation," he has fixed an estimate or price as a compensation for any injuries involved because of non-delivery. See Spoor-Thompson Machine Co. v. Bennett FilmLaboratories, supra.
In the case of Wempel v. B.F. Goodrich Co., 126 N.J. Eq. 220; 8 Atl. Rep. 2d 326, the Court of Errors and Appeals held that damages for the breach of a contract calling for the transfer of judgments for which specific performance was sought, was ascertainable and recoverable at law; and, therefore, equitable relief should be withheld. In that case the Court of Errors and Appeals cited the case of Burr v. Bloomsburg,supra, with approval. *Page 26 
Where the contract is indefinite, specific performance will not be decreed. In the instant case the alleged agreement is indefinite; neither the date of delivery, the terms of payment, nor the price of the car are included within its terms.
Specific performance of a contract will not be decreed in equity unless the contract be certain in all its particulars. If the agreement in any material particular be uncertain or undefined, equity will not interfere. This conclusion is supported in the opinion of Vice-Chancellor Fielder in the case of Grabow v. Gelber, 138 N.J. Eq. 586; 49 Atl. Rep. 2d431; and also in the cases of Potts v. Whitehead, 20 N.J. Eq. 55; Brown v. Brown, 33 N.J. Eq. 650; Domestic Telegraph,c., Co. v. Metropolitan Telephone, c., Co., 39 N.J. Eq. 160;Woodruff v. Woodruff, 44 N.J. Eq. 349; 16 Atl. Rep. 4.
There is nothing definite in the alleged agreement between the parties. Furthermore, the OPA control of automobile prices is no longer in operation, and the alleged contract method of price determination is impossible of achievement — no price can be fixed.
I feel the bill should be stricken, and shall so advise.