ARTHUR MAAS, Plaintiff, *v.* JOSEPH WEITZMAN, Defendant.

Supreme Court, Special Term, Bronx County, December 24, 1947.

*Meyer Maltz* for defendant.

*Joseph Perlstein* for plaintiff.

BENVENGA, J. On this motion to dismiss the complaint for legal insufficiency, the complaint alleges in substance that defendant purchased a Cadillac automobile from the General Motors Corporation, making a deposit of $100; that defendant sold to plaintiff for $200 his right to receive the automobile, upon condition that plaintiff would pay the balance of the purchase price; that, in violation of this agreement, defendant took delivery of a 1947 Cadillac automobile; wherefore, plaintiff demands that defendant be adjudged to have received the automobile as his agent and trustee, and that he be compelled to deliver it to him upon payment of the purchase price.

Defendant contends that, while in form the action is one to impress a trust, in substance it is one for specific performance of a contract, and that an action for specific performance does not lie herein because the contract does not specify or identify the particular automobile involved. But although an action for specific performance may not lie (see *Cohen* v. *Rosenstock Motors, Inc.,* 188 Misc. 426; *Goodman* v. *Caplan, Inc.,* 188 Misc. 242; *Kaliski* v. *Grole Motors, Inc.,* 69 N. Y. S. 645), an action to impress a trust does lie; for under the circumstances of this case, defendant is chargeable as a constructive trustee of the automobile (*Beatty* v. *Guggenheim Exploration Co.,* 225 N. Y. 380, 386; *Equity Corp.* v. *Groves,* 294 N. Y. 8, 13, 14, 20; 3 Scott on Trusts, § 499). " A constructive trust is the formula through which the conscience of equity finds expression. When property has

been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee \* \* \*." (*Beatty* v. *Guggenheim Exploration Co., supra,* p. 386.)

The motion to dismiss is accordingly denied.