By the Court.
 

 It is disclosed' that no bill of ex
 
 *300
 
 ceptions was allowed and signed by the Court of Appeals, and it does not appear that a bill of exceptions was even prepared and presented to that court.
 

 This court, therefore, has before it only the pleadings and the journal entry showing the finding and decree of the Court of Appeals.
 

 The alleged contract is not disclosed by the pleadings.
 

 The printed record filed in this court is apparently a transcript of the evidence adduced in the Court of Common Pleas and presumably the case was presented to the Court of Appeals upon that transcript although there is no such statement in the journal entry of the Court of Appeals. It recites that it was heard on the petition, answer and the evidence.
 

 It is obvious that there is no record before this court upon which the court can review the decree of the Court of Appeals. The situation presented is almost precisely that involved in the cases of
 
 Micklethwait
 
 v.
 
 City of Portsmouth,
 
 110 Ohio St., 514, 144 N. E., 274, and
 
 Marriott
 
 v.
 
 Hawk,
 
 111 Ohio St., 285, 145 N. E., 287. In the
 
 Marriott case
 
 it was said:
 

 “The bill of exceptions, so called, is the transcript of the evidence taken in the Court of Common Pleas and used by consent of the parties' in the Court of Appeals. No bill was prepared in the Court of Appeals. The Court of Appeals did not sign or allow the transcript of the evidence; hence issues raised by the petition in error and not raised by the pleadings and judgment, which require the' bill of exceptions, so called, to present them to this court, are not before us.”
 

 See, also,
 
 Hill
 
 v.
 
 Bassett,
 
 27 Ohio St., 597;
 
 Detroit, T. & I. Rd. Co.
 
 v.
 
 Blaum,
 
 120 Ohio St., 612, 169 N. E., 297;
 
 Schlarb, Exr.,
 
 v.
 
 Hartwell, Admr.,
 
 129 Ohio St., 493, 196 N. E., 273.
 

 
 *301
 
 The decree of the Court of Appeals is necessarily affirmed.
 

 Decree affirmed-
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.