Leo Kelley, Appellant, v. Creston Buick Sales Company et al.,
Appellees.

No. 47254.

(Reported in 34 N. W. 2d 598)

Thos. E. Mullin, of Creston, and H. J. Kittleman, of Corning, for appellant.

D. W. Harper, of Creston, and Brammer, Brody, Charlton, Parker & Roberts, of Des Moines, for appellees.

MANTZ, J.—Plaintiff asks specific performance of a written agreement, dated November 17, 1945. Two defendants are named but for the purpose of this appeal we need refer only to Creston Buick Sales Company as defendant. The appeal is from an order and decree dismissing plaintiff's petition, following his failure to plead over, after an adverse determination of points of law (under Rule 105, Rules of Civil Procedure) in advance of trial on the issues of fact.

The written agreement is upon a printed order form designed for use in various types of sales with blank spaces to be filled in according to each particular transaction. The present one evidently contemplated a cash sale. It was signed by plaintiff as buyer and the acceptance was signed by defendant as dealer. In the blank for "make of car" was filled in the name "Buick" and for "Body type or Model No." the figures "46-51". The date of delivery is stated "Soon as possible" and "Cash Deposit" as $100. No other blanks are filled, even the "Cash Delv'd Price" being unstated. Following the signatures are certain printed "conditions" which will be referred to later. Following these is the printed "Manufacturer's Warranty" with which we are not concerned.

The petition alleges the deposit and receipt of the $100, the request for and refusal of delivery, tender of payment of balance of purchase price, and that time of delivery is long past. It also asserts that plaintiff will suffer irreparable loss, not adequately compensable in damages, if the car is not delivered

and that he has no plain, speedy or adequate remedy at law. By amendment, filed after hearing but before decision, it is alleged that "since the execution * * * of the contract * * * defendant * * * has had in its possession Car No. 4 of the type and model as set out in said contract, and is now able to perform said contract."

Defendant in answer urges various defenses in separate divisions, and concludes with a prayer for hearing and determination, "in advance of trial on the issues of fact," of the points of law raised by three divisions of the answer. These points, for our purposes here, may be summarized as follows: (1) the alleged contract specifies no definite price agreed on (2) it lacks mutuality in that it gives plaintiff the right to cancel on date of delivery, and (3) it fails to allege that the automobile has a special value, amounting to *pretium affectionis,* aside from its intrinsic value. An additional proposition was urged by defendant at the hearing to the effect that plaintiff had not properly pleaded defendant's ability to perform.

The trial court sustained this last contention but ruled adversely to defendant on the other points.

I. We think the decision cannot be upheld on the ground therein assigned. The amendment to petition already referred to avers that defendant "has had in its possession" a car of the type set out in the contract "since the execution of the contract" and "is now able to perform."

The trial court held (1) the burden was on plaintiff to allege facts showing that a decree of specific performance, if entered, could be enforced and (2) that he had not met the burden by this amendment. Without passing on the correctness of the first proposition (which is at least debatable) we are of the opinion the amendment sufficiently alleges defendant's ability to perform and consequently the enforceability of a decree of specific performance if rendered.

The amendment avers that defendant "is now able to perform." That is said to be a conclusion. Even so it is not objectionable when preceded by an allegation of fact. Townsend v. Armstrong, 220 Iowa 396, 260 N. W. 17; Benton v. Morningside College, 202 Iowa 15, 21, 209 N. W. 516.

Nor does the preceding statement of fact in the amendment

conflict with or fail to support the conclusion. In effect it says defendant has had in its possession a car of the type in question "since the execution of the contract." This fairly alleges present possession. The word "since" may connote "from a definite past time until now." Ex parte McGee, 29 Cal. App. 2d 648, 650, 85 P. 2d 135, 136. See also Webster's New International Dictionary, Second Edition.

■ II. But it does not follow that the decision must be reversed. It may be sustained upon ground rejected by the trial court, notwithstanding defendant did not appeal. See Shaw v. Addison, 236 Iowa 720, 733, 734, 18 N. W. 2d 796 and cases cited.

■ III. We think the ruling can and should be upheld on the ground that the alleged contract does not bind plaintiff to pay any definite, agreed price and lacks the mutuality and definiteness necessary to make it subject to specific performance.

In the "conditions" heretofore referred to is found the only reference to price:

"I agree to accept and pay for the car * * * within ten (10) days from the time you advise me it is ready for delivery * * *. It is understood and agreed that the price * * * is subject to change without notice, *and the price effective on the day of delivery will be the governing price.* I, however, have the privilege of cancelling this order, provided the changed price is not satisfactory * * *." (Italics supplied.)

But what is the "day of delivery" which determines the price? In the paragraph of the "conditions" preceding the one just quoted is the only provision on that subject except the one heretofore mentioned—"soon as possible". After providing against possible delay by reason of strikes and other contingencies this paragraph of the "conditions" expressly exempts defendant from any obligation to deliver *"except insofar as the product of the factory and the requirements of other customers will in your* [defendant's] *judgment permit."*

When these conditions are read together we find the date of delivery is dependent upon *defendant's judgment* as to the "requirements" of its other customers, and the price is dependent upon the date of delivery. The price is subject to change without notice, and plaintiff has the right to cancel the order

and receive back his deposit if the. changed price is not satisfactory to him.

We have no doubt there is here no such mutuality and definiteness as to permit specific performance. The alleged contract is not enforceable. A court of equity would be powerless to determine any "day of delivery" on which the "effective price" would govern. There is no such date fixed by or fixable under the contract or in the petition. It depends upon defendant's judgment as to "the product of the factory and the requirements of other customers." Defendant is not even required to supply his customers in order of their applications.

This is not all. There is the further failure of the pleaded contract to give any definition of "effective price" or to point any way for determining it. The trial court says it is "the list price, or the price at which the dealer was authorized by the defendant, Buick Motor Division, General Motors Corporation, to sell that type and model of car." But there is nothing of this kind in the contract or in the body of the petition. We cannot supply this omission by inference or conjecture. Donovan v. Murphy, 203 Iowa 214, 212 N. W. 466; Marti v. Ludeking, 193 Iowa 500, 185 N. W. 476. "A court of equity will not undertake to make a contract for the parties, nor can it enforce one the terms of which are in doubt." Fenton v. Clifton, 204 Iowa 933, 936, 216 N. W. 53, 54.

The price " 'must either be fixed by the agreement itself, or means must therein be provided for ascertaining it with certainty.' " Wolf v. Lodge, 159 Iowa 162, 164, 140 N. W. 429, 430, quoting Pomeroy, Specific Performance, section 148; Down v. Coffie, 235 Iowa 152, 158, 15 N. W. 2d 216.

Contracts analogous to the one here have been recently rejected as bases for specific performance by courts of original jurisdiction of persuasive authority. See Kirsch v. Zubalsky, 139 N. J. Eq. 22, 49 A. 2d 773; Goodman v. Henry Caplan, Inc., 188 Misc. 242, 65 N. Y. S. 2d 576; Daub v. Henry Caplan, Inc., 70 N. Y. S. 2d 837. We do not find these cases have been passed on by courts of final appeal. We may fairly infer that contracts and litigation of this character are the products of recent industrial conditions. Such agreements doubtless represent an attempt to provide against future contingencies arising

out of unsettled and even chaotic conditions in the automobile industry, following the war. Unless they can be made more certain than the one involved here equity cannot enforce them.

A greater degree of certainty of contract is required for specific performance in equity than is necessary to establish a basis of an action at law for damages. 49 Am. Jur., Specific Performance, section 22, page 35, citing annotation 65 A. L. R. 102, 109; 58 C. J., Specific Performance, section 96, page 933; Young v. Daniels, 2 (Clarke) Iowa 126, 129, 63 Am. Dec. 477.

No case is cited by appellant that would sustain a decree of specific performance here. We have found none and think that the trial court's decision must be upheld upon the considerations we have pointed out. This renders unnecessary any discussion of lack of *pretium affectionis* (or special value) or the possibility that plaintiff might have an adequate remedy at law or is threatened by irreparable loss. The case is affirmed.— Affirmed.

SMITH, C. J., and OLIVER, HALE, WENNERSTRUM, and MULRONEY, JJ., concur.

GARFIELD, BLISS, and HAYS, JJ., dissent.

GARFIELD, J. (dissenting)—I respectfully dissent from Division III of the majority opinion which holds the contract in question too indefinite as to price to be enforceable. I agree with Division I which holds plaintiff's petition sufficiently alleges defendant's ability to perform the contract.

The majority attaches great importance to this provision of the contract: "It is also expressly agreed that you do not obligate yourself except insofar as the product of the factory and the requirements of other customers will in your judgment, permit * * *." The provision does not fairly mean that date of delivery is dependent upon defendant's judgment as to requirements of its other customers.

Defendant has claimed nothing here nor, so far as appears, in the court below for this provision of the contract. No 'mention of it is made in defendant's brief and argument here nor in its brief and argument furnished the lower court. There is no contention the requirements of other customers were such

that defendant was unable to perform its contract. Indeed there is no suggestion by defendant of its inability, for any reason, to perform the contract. On the contrary, as the majority holds, plaintiff's petition alleges defendant's present ability to perform.

While the contract does not fix the price in figures, all the authorities require is that the price be ascertainable with certainty from the contract. See 49 Am. Jur., Specific Performance, section 28; 58 C. J., Specific Performance, section 101. I think the contract provision "the price effective on the day of delivery will be the governing price" makes the price ascertainable with certainty.

The word "effective" as applied to the price of a new Buick automobile from an authorized Buick dealer is so commonly understood that the failure of the contract to define it is not fatal to plaintiff's cause of action. The "effective price" in this connection is easily ascertainable. It is somewhat surprising defendant would contend otherwise.

DeMoss v. Conart Motor Sales, 72 N. E. 2d 158, 159, was an action by the purchaser to enforce a contract apparently quite similar to this. There as here the delivery date was stated to be "As soon as possible." The price was there fixed as "List at time of delivery." The court interpreted "As soon as possible" to be a reasonable time after the date of the contract which it said had long since passed in the thirteen and one-half months before suit was brought. Here almost eighteen months elapsed between the date of the contract and commencement of suit. The court in the cited case held the price was "readily ascertainable" from the contract and decreed specific performance. The decision of the Court of Common Pleas was affirmed by the Court of Appeals and, on a question of procedure without considering the merits, by the Supreme Court of Ohio. DeMoss v. Conart Motor Sales, 149 Ohio St. 299, 78 N. E. 2d 675. "The price effective on the day of delivery" here is as readily ascertainable as "list at time of delivery" was in the DeMoss case.

State v. McKinnon, 158 Iowa 619, 626–628, 138 N. W. 523, holds the term "effectual resistance" in a rape statute is not of technical meaning and the court was not required to define it for the jury even though defendant requested such an instruc-

tion. It would seem we should be fully as able to understand the meaning of "effective price" of a new automobile of a particular make and model purchased from an authorized dealer as a jury is to understand "effectual resistance" in rape.

The majority states:

"Contracts analogous to the one here have been recently rejected as bases for specific performance * * *. See Kirsch v. Zubalsky, 139 N. J. Eq. 22, 49 A. 2d 773; Goodman v. Henry Caplan, Inc., 188 Misc. 242, 65 N. Y. S. 2d 576; Daub v. Henry Caplan, Inc., 70 N. Y. S. 2d 837."

I do not think the quoted statement is warranted. The main ground of the decision in Kirsch v. Zubalsky, supra, is that the automobile was not a unique chattel which had acquired a pretium affectionis—a matter not considered by the majority here. On the question of definiteness of price in the cited case, the contract provided the price was "to be determined at the current OPA limitation." The court says (page 26 of 139 N. J. Eq., page 776 of 49 A. 2d) :

"Furthermore, the OPA control of automobile prices is no longer in operation, and the alleged contract method of price determination is impossible of achievement—no price can be fixed."

In the Goodman and Daub cases, supra, the terms of the contract there involved do not appear. The Goodman opinion states at page 243 of 188 Misc., page 577 of 65 N. Y. S. 2d :

"The instant contract is indefinite as to time of performance, model and type of car, price (despite the printed clause of the contract), and color, all essential elements and parts of the contract."

The statement preliminary to the Daub opinion says :

"The order form was for 'new car when available', set forth plaintiff's name as buyer, and showed a payment of $100 but was otherwise incomplete and blank. Neither the make of the automobile, the model, the price, the time for delivery, nor the terms of payment were set forth." 70 N. Y. S. 2d 837.

It is obvious none of the three decisions cited by the majority is here applicable.

The majority opinion refers to a lack of mutuality. As the majority indicates, the only lack of mutuality claimed by defendant is based on the contract provision "that the price * * * is subject to change without notice * * * . I, however, have the privilege of cancelling this order, provided the changed price is not satisfactory * * *."

While I do not understand the majority holds specific performance should be denied because of this provision, it should be pointed out that the privilege of cancellation is immaterial here. This printed provision was apparently inserted in the order form to be applied where a definite sum was fixed as the price. No such sum is here stated. Nor is there any claim there was a change in the effective price between the date of the contract and the commencement of this suit. This seems to be the construction placed by defendant upon this contract provision for it says in argument:

"The foregoing clause giving the seller the power to change the price of the automobile before the day of delivery necessarily implies the existence of an agreed upon original price with respect to which the seller may exercise such power. Since the parties did not specify any such original or initial price in the order it is obvious that there is no price with respect to which the seller's power to change can be exercised and hence the provision of the order above quoted never can become operative."

It should be emphasized we are not called upon to decide whether performance of this contract may be enforced as against any conceivable defense nor even whether other terms of the contract are sufficiently definite to warrant specific performance. *The only claim of indefiniteness in the contract that was submitted to the trial court is that no definite price was agreed upon.*

This case was not tried in the court below. It comes to us following a separate adjudication under Rule 105, Rules of Civil Procedure, of certain specific law points raised by defendant which the majority has summarized. I think the lower court correctly ruled in favor of plaintiff that the price was ascertain-

able from the contract. As stated, I agree with the majority that the lower court was in error in ruling against plaintiff that he had not properly pleaded defendant's ability to perform. Therefore I would reverse.

BLISS and HAYS, JJ., join in this dissent.