PAUL PAZAWICH, appellant, v. DON JOHNSON, appellee.

No. 47515.

(Reported in 39 N.W. 2d 590)

NOVEMBER 15, 1949.

Free, Berry & Free, of Sioux City, for appellant.

Shull & Marshall, of Sioux City, for appellee.

HAYS, C.J.—This is an action of forcible entry and detainer in which plaintiff, alleging ownership and the right to the immediate possession of the property in question, states that the defendant unlawfully and by stealth entered into possession thereof and now unlawfully retains the same. He prays for restitution thereof. The defendant admits that he is in possession but asserts that such is by virtue of a contract of purchase, entered into with the plaintiff; and also that plaintiff gave his verbal assent to the same. By a cross-petition he asks that the contract be specifically enforced. Plaintiff, by way of answer to the cross-petition, states that no contract exists and by motion, filed just before trial, asks for a receiver to collect rents pending litigation. The trial court dismissed plaintiff's petition and entered a decree for the specific performance of the contract. Plaintiff appeals.

In April 1946, the time of the alleged contract, appellant was the owner of the property in question, being a residence property located at 1020 South Cecelia Street, Sioux City, Iowa. At that time, appellant and his wife were separated and a divorce action was pending between them. At the time of the trial in the lower court, the divorce had been denied and the wife was under guardianship for mental incompetency. The property was not the homestead and was being rented to one Thompson for $41 per month. Neither the wife nor her guardian is a party to this action.

Appellant, age fifty-five years, was born in Poland, coming to this country at the age of twenty years. He is employed at the Swift & Company plant and his education is very limited. He

states that he can read the English language but does not understand it very well. The appellee is the general manager of the Ready Mix Concrete Company.

In April 1946, one M. J. Hubbard, a real estate dealer working on a commission for one Joe L. Dealy, a licensed real estate dealer in Sioux City, contacted appellant relative to selling the property in question. At this time Hubbard placed the value at $10,000, while appellant asked $12,000. He was also at this time advised of the pending divorce action. Hubbard advised Dealy of the listing of the property and it was advertised for sale in a paper. A few days after this first meeting Hubbard again saw appellant and advised him that he had a buyer for the property. Regarding this conversation appellant testified as follows: "He [Hubbard] says, 'I got a buyer', he says, 'he like the place', he says, 'he is satisfied to buy this house.' I says, what do you want to pay? He says, '$10,000' I said, no, $12,000 this year. He says, 'may be we fix it up.' He said he to pay $500, was $500 down at the office, Dealy office. Then a few days later he says, 'we got $2000 of you in the office and $10,000 on the contract.' I thought I was getting $12,000." Hubbard was not called as a witness and the above statement is not denied. Mr. Dealy stated that Hubbard did all the negotiating and brought appellant to the office to close the deal.

On April 29, 1946, appellee went to the office of Mr. Dealy where the following instrument was prepared and signed by the appellee and his wife:

"Mr. Joe L. Dealy, agent
Francis Building                                   Sioux City 8, Iowa.
City                                                April 29, 1946.
"Dear Sir:

"I hereby make you the following offer to purchase the property you have for sale located at 1020 Cecelia Street, Sioux City, Iowa.

"I will give you $10,000.00 for the property free and clear of all liens and encumbrances when abstract of title has been continued to date showing a good and marketable title. The above consideration to be paid in the following manner:

"$500.00 upon the execution of this offer receipt of which is hereby acknowledged.

"$3,500.00 when offer is accepted and contract for deed entered into and the following financing arranged.

"$6,000.00 or the balance of the purchase price to be financed back on the property at an interest not to exceed 4½ per cent per annum. Possession to be given according to O.P.A. regulations.

"This offer to be accepted and financing arranged May 10, 1946. If the offer and financing cannot be arranged then the $500.00 paid down with this offer is to be returned.

Don Johnson

"Joe L. Dealy                    Marguerite Johnson.
    Witness

            "I hereby accept the above offer.

"M. J. Hubbard                    Paul Pazawich."
    Witness

On April 30, 1946, there was prepared in the office of Mr. Dealy an application to the OPA for authority to issue a notice of eviction to the tenant in possession of the premises. This application bears the signatures Don Johnson and Paul Pazawich and states that twenty per cent of the purchase price has been paid, $2000. Appellee states that he gave Dealy an additional $1500 and signed another paper. A notice of authorization for the commencement of eviction action after ninety days was issued on May 20, 1946. The tenant in possession vacated the premises about July 1, 1946, and appellee went into possession July 5, having obtained the key from the tenant.

Appellant admits that he signed the first instrument but denies that he signed the application to the OPA. Mr. Dealy testified that appellant came into the office a few days later and signed both of the instruments and at which time he told him that he had $2000.

Appellee testified that it was about ten days after he signed the papers that he knew appellant was married; that he went to see appellant about possession and the closing of the deal and was told to see Mr. Free, and he then stated, "I could not get in touch with him [Mr. Free] and I finally decided that these people had $2000 of my money and that I had better get into the property and they could clear it up and I moved in." He also stated that

appellant was at the property when they moved in and objected to our entering the property. Appellee has not paid rent on the premises since he entered the same in 1946, nor has he paid the taxes thereon although he did purchase a tax certificate for the 1946 taxes and which certificate has now been redeemed by appellant. No money has been received by appellant, the entire $2000 being retained by Mr. Dealy.

There is no dispute as to the law applicable, the dispute being over the facts and the application of the law thereto. This being an equity action, triable de novo (Skaff v. Godbersen, 237 Iowa 1414, 24 N.W. 2d 361), we have set forth the facts at considerable length. Appellant denies the existence of a contract of purchase and further contends that even though a contract exists it was procured by fraud and that it is too indefinite and uncertain in its terms to warrant specific performance thereof. As to the fraud, appellee states that if fraud existed it was the fraud of appellant's agent and is not chargeable to him.

Appellant contends that the trial court erred in entering a decree for specific performance. With this we agree. While the law is well-settled that specific performance is a matter of equity rather than a strict right and rests in the sound discretion of the court (Vermeulen v. Meyer, 238 Iowa 1033, 29 N.W. 2d 232; First Trust JSL Bk. v. Resh, 226 Iowa 780, 285 N.W. 192), it is also well-settled that specific performance will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due. Restatement of the Law, Contracts, section 370; Down v. Coffie, 235 Iowa 152, 15 N.W. 2d 216; Donovan v. Murphy, 203 Iowa 214, 212 N.W. 466. It is also recognized that in construing a contract it is construed against the one using the terms which are ambiguous. Andrew v. Austin, 213 Iowa 963, 232 N.W. 79; 17 C.J.S., Contracts, section 324.

That a reading of the so-called contract leaves one in doubt as to its terms and conditions cannot well be denied. The instrument was written by Mr. Dealy, assumed to be the agent of appellant, but undoubtedly written according to the terms dictated by appellee. Whether the contract be construed against appellant or against appellee makes but little difference. There

still arises many questions essential to a complete real estate sale. Is the contract, so called, a final agreement or is it merely preliminary to a formal one to be entered into later? The instrument would seem to indicate the latter, as it says: "$3,500.00 when offer is accepted *and contract for deed entered into* \* \* \*." (Italic added.) No other instrument of a contract nature has been signed. What are the conditions as to payment? Cash or part cash and a mortgage carried back? The contract states: "$6,000.00 *or the balance* of the purchase price *to be financed back on the property* \* \* \*." (Italic ours.) "Financed back" would seem to indicate a mortgage back, and yet Mr. Dealy states that only a cash deal was considered. What kind of a conveyance is contemplated? Is the signature of appellant's wife required? It would appear so, as the agreement was for abstract showing free of liens and encumbrances, and yet the wife did not sign the instrument nor is she a party to this action. Appellee's offer or tender of performance is of no assistance upon the question of payment. He states that "I am ready to complete the contract and pay the balance which I agreed to pay at any time." The question still remains, what does he agree to pay and when? These, and many more, questions confront the court in being called upon to order specific performance of the contract. Perhaps any one of them standing alone might not make such an uncertainty as to prevent specific performance, but certainly the combination thereof requires the court to make a new contract for the parties if it is to be thus enforced. This the court will not do. Staly v. McNerney, 233 Iowa 1065, 10 N.W. 2d 584; Fenton v. Clifton, 204 Iowa 933, 216 N.W. 53.; Kelley v. Creston Buick Sales Co., 239 Iowa 1236, 34 N.W. 2d 598. The trial court erred in ordering specific performance.

Appellant further contends that the court erred in dismissing his petition for restitution of the premises. Under the issues presented appellant is entitled to possession of the premises unless appellee's right thereto is paramount under the contract, or appellant has otherwise consented thereto. While appellee alleges appellant orally agreed that he should have possession, yet, as a witness, he states: "I finally decided that these people had $2000 of my money and that I had better get into the property and they could clear it up and I moved in." Appellee also con-

tends that appellant consented to his going into possession when he signed the application to the OPA. While appellant denies having signed this paper, and the record raises some doubt thereof, we assume, and the trial court so found, that he did sign the same. The most that can be said for that is, it was a preliminary step looking to possession delivery when the terms of the contract were performed. It does not purport to do other than to authorize a notice of eviction to be given the tenant in possession ninety days thereafter. The only statement in the so-called contract as to possession says, "Possession to be given according to O.P.A. regulations," which, as above stated, has no connection with the time possession is to be delivered, other than it cannot be less time than is allowed by the OPA to the tenant in possession, before eviction can be had. While appellee has an equitable interest in the property and has rights which he may enforce, such rights, under this record, are not paramount to the right of appellant to possession of this property, and the trial court erred in dismissing appellant's petition for restitution. We do not pass upon appellant's right to rental during appellee's occupancy of the premises.

The cause must be reversed and remanded to the trial court with directions to enter a decree in accordance herewith.—Reversed and remanded.

All JUSTICES concur.